MICHIGAN CONSOLIDATED GAS COMPANY *v.* SUPERVISOR OF WELLS.

1. GAS—SUPERVISOR OF WELLS—WASTE—PROTECTION OF PROPERTY.
   The statute creating the office of supervisor of wells was intended to prevent wastage of natural dry gas and to protect owners of property against loss of such gas under their property by reason of migration or seepage of gas toward and into a well driven or being operated on the property of some other owner (CL 1948, § 319.81).

2. OFFICERS—ORDERS—APPEAL.
   Written communication of supervisor of wells that it is his *decision* to grant applicant a permit to drill a well on its 6-1/2-acre tract, that it had been made after hearing of which due notice had been given to all interested persons, that he has *determined* that applicant had made a reasonable but unsuccessful effort to pool the portions of the acreage to form a regular drilling unit and *finds* that *applicant is entitled to a permit* was intended to be an order, hence, was appealable (CL 1948, §§ 319.81, 462.26; Conservation Department Rule for Spacing Gas Wells, No 14[a], [b], [c]).

3. MINES AND MINERALS—PERMIT TO DRILL GAS WELLS.
   Plaintiff, common purchaser of gas and who, as such, claimed ownership and control of lands in 160-acre tract in which was located a 6-1/2-acre tract to whose owner defendant supervisor

---

REFERENCES FOR POINTS IN HEADNOTES

[1-4] Generally as to regulation of drilling wells, see 24 Am Jur, Gas and Oil § 146 *et seq.*
Constitutionality of statute or ordinance limiting right of surface owner in respect of oil or gas. 67 ALR 1346; 99 ALR 1119.
Constitutionality of statute limiting or controlling exploitation or waste of natural resources. 24 ALR 307; 78 ALR 834.
[5] 14 Am Jur, Costs §§ 23, 91.

of wells had granted a permit to drill a well *held*, to have had such an interest in the matter of granting the permit as to be a proper party to take an appeal (CL 1948, §§ 319.81, 462.26; Conservation Department Rule for Spacing Gas Wells, No 14 [a], [b], [c]).

4. APPEAL AND ERROR—STAY OF PROCEEDINGS PENDING APPEAL—OFFICERS.

Proceedings under order granting a permit to drill a gas well to owner of 6-1/2-acre tract located within 160-acre tract in which plaintiff had an interest and sought an appeal from the order, are ordered stayed pending the appeal (CL 1948, §§ 319.-81, 462.26).

5. COSTS—PUBLIC QUESTION—PERMIT TO DRILL GAS WELL.

No costs are allowed in mandamus proceeding to compel supervisor of wells to accept claim of appeal from his order granting a permit to owner of 6-1/2-acre tract located within 160-acre tract in which plaintiff had an interest.

Mandamus by Michigan Consolidated Gas Company against Gerald E. Eddy, Supervisor of Wells, to compel acceptance of claim of appeal and bond. Hanchett Manufacturing Company intervened. Submitted June 9, 1953. (Calendar No. 45,776.) Writ granted October 5, 1953.

*James W. Williams* (*Dyer, Angell, Meek & Batten,* of counsel), for plaintiff.

*Warner, Norcross & Judd* (*Harold S. Sawyer,* of counsel), for intervening defendant.

REID, J. The Michigan Consolidated Gas Company (hereinafter referred to as plaintiff) filed its petition against Gerald E. Eddy, supervisor of wells of the State of Michigan (hereinafter referred to as defendant), praying for an order to show cause why a writ of mandamus should not issue requiring defendant to accept the claim of appeal of plaintiff to the conservation commission from the decision of

defendant granting permit to Hanchett Manufacturing Company (hereinafter referred to as intervening defendant) to drill a well for natural dry gas, to accept the bond filed by petitioner in the penal sum of $5,000, to approve said bond and grant an order staying proceedings pending the appeal to and determination by the conservation commission of the questions at issue under the petition of intervening defendant Hanchett for leave to drill.

It is the claim of the plaintiff that under subdivisions (a) and (b) of rule 14 of rules adopted by the conservation commission,* the unit for drilling a well for natural dry gas in the State of Michigan is a 160-acre tract and the location of said well shall be in the proximate center of such tract. Subdivision (c) of rule 14 * provides for the drilling of a well for natural dry gas on a tract less than 160 acres under the conditions therein set forth.

Intervening defendant, Hanchett, filed an application for permit to drill a well on about 6-1/2 acres of land owned by it, described as block 3 of French's addition to the city of Big Rapids located within a 160-acre tract described as the northwest quarter of section 11, town 15 north, range 10 west, Big Rapids township, Mecosta county, Michigan. Plaintiff is the common purchaser of gas in said 160 acres, has been and is active as such, and claims ownership or control of lands in said 160 acres. Plaintiff filed a motion to dismiss the proceedings because Hanchett had not complied with the provisions of subdivision (c) of rule 14 above referred to.

A hearing was held on January 6, 1953, and the proceeding was adjourned until January 12, 1953, at which latter date Hanchett filed a statement (certificate) as compliance with the provisions of said subdivision (c). Plaintiff claims that such state-

* Administrative Code Supp No 18, p 37.—Reporter.

ment (certificate) was not a sufficient compliance with the provisions of subdivision (c) and did not justify the granting of a permit to drill the well prayed for by Hanchett. Plaintiff claimed the right to cross-examine the signer of said statement (certificate) which was denied or at least not granted, by defendant Eddy.

On January 13, 1953, defendant Eddy made a disposition of the pending matter as follows, entitled in said proceeding and addressed to defendant Hanchett:

"The data and evidence presented in support of the above application indicate that the applicant has filed a proper application for permit, paid the required fee, met the requirements of the statute (PA 1937, No 326, as amended) and of the general regulations governing spacing, drilling, deepening and plugging of wells for natural dry gas insofar as they are pertinent. Accordingly, the application of Hanchett Manufacturing Company for a permit to drill a well is granted. This *decision* has been made after a consideration of the testimony and evidence presented at the hearing thereon held on January 6, 1953, and January 12, 1953.

"A public hearing with due notice to all interested parties was held by the supervisor of wells for the purpose of giving all interested persons an opportunity to present evidence as to compliance with the requirements of the statute and of the regulations relative to drilling a well for natural dry gas on a tract of land of less than 160 acres. This hearing was not required by legislative mandate but was held at the instance of the supervisor of wells in the interest of good administration.

"Prior to the taking of testimony at the hearing, the Michigan Consolidated Gas Company filed a written motion to dismiss on the ground that the applicant had not complied with the provisions of paragraph 14 (c) of the natural dry gas regula-

tions. However, at the commencement of the adjourned hearing on January 12, 1953, the required certified statement was filed by the applicant. The supervisor of wells *has determined* that the applicant has made a reasonable effort to pool the portions of the acreage to form a regular drilling unit and that such effort has failed. In view of the certified statement filed by applicant, the objections raised by the Michigan Consolidated Gas Company in its motion to dismiss are deemed not to be well taken.

"The supervisor of wells, after hearing and reviewing the evidence presented at the hearing on the above application, *finds* that under the applicable provisions of the statute and regulations the *applicant is entitled to a permit* upon the filing of the required bond." (Italics supplied.)

On January 15, 1953, plaintiff filed with defendant a claim of appeal from his order to the conservation commission together with the necessary papers accompanying it. On January 21, 1953, defendant Eddy entered an order that an appeal to the conservation commission did not lie from his order of January 13, 1953.

Plaintiff in this proceeding seeks a writ of mandamus compelling defendant Eddy to accept its claim of appeal and act in accordance with such acceptance.

Defendant Eddy claims: (a) to be correct in his finding that the application for permit in question has met the requirements of the statute and regulations subject to appeal to the statutory appeal board; (b) that the plaintiff does not have sufficient legal interest in the subject matter to be a party to appeal or to be entitled on its petition to a writ of mandamus.

Defendant Hanchett petitioned for and was granted leave to intervene and claims that Michigan Con-

solidated Gas Company has no just ground to consider itself aggrieved by the issuance of a permit, that the decision hereinbefore quoted by defendant Eddy on January 13, 1953, does not constitute an order, rule, regulation or requirement within the meaning of the statute, and that the granting or withholding of a stay pending an appeal is discretionary and not subject to be corrected by mandamus.

Section 31 of the act which among other provisions creates an office of supervisor of wells, is as follows (CL 1948, § 319.81 [Stat Ann 1951 Rev § 13.138 (31)]):

"An appeal board is hereby created, consisting of the commission of conservation of this State and all persons, firms or corporations considering themselves aggrieved by any order, rule, regulation or requirement by the supervisor of wells, or his representatives, may within 10 days after the making of such order, serve written notice upon the supervisor of wells that an appeal is claimed from the order, rule, regulation, or requirement involved. The supervisor of wells shall forthwith set a day for hearing not more than 10 days after receipt of said claim of appeal and shall immediately notify said commission and said appealing party of such date, together with the time and place of hearing. At the said hearing the appealing party and the supervisor of wells and their witnesses shall be heard and any other person who may be affected by the decision of said board may be allowed to intervene. During the pendency of such appeal, the appealing party shall obey the order, rule, regulation or requirement, the validity of which is being questioned by the appeal, unless the interests sought to be protected by such order or regulation can be adequately protected by the bond in which event the supervisor of wells may accept a bond in an amount and upon such conditions as he may prescribe in lieu of performance

of such order or regulation by the appealing party. The order, findings or regulation made by the commission upon such hearing shall be subject to appeal to the courts of this State in the same manner and by the same process under the same legal limitations and like right and process of appeal as are now provided by section 11042 of the Compiled Laws of 1929." *

The legislature in enacting the several statutes bearing on the subject of providing for a supervisor of natural dry gas wells, et cetera, seems to have had at least 2 important grounds for the enactment of the statutes, namely, prevention of wastage and protection of owners of property against loss of natural dry gas under their property by reason of migration or seepage of gas toward and into a well driven or being operated on the property of some other owner.

The words, "decision," "has determined," "finds," "applicant is entitled to a permit," clearly show that defendant intended his written communication to be an order. We find in accordance with the claim of plaintiff that the pronouncement and determination by defendant of January 13, 1953, fell within the designation of the words, "order, rule, regulation or requirement," and was appealable.

We further find that plaintiff had such an interest in the matter that plaintiff was a proper party to take an appeal. Proceedings under the order appealed from are stayed pending the appeal.

The writ prayed for shall issue. No costs, a question of public interest and importance being involved.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, and BOYLES, JJ., concurred.

---

* CL 1929, § 11042 is CL 1948, § 462.26 (Stat Ann § 22.45).— REPORTER.